## Gogel v. Blazofsky

*J. L. Weirbach*, for plaintiffs.

*W. H. Neeley*, for defendants.

HENNINGER, P. J., December 31, 1956.—This matter comes before the court on a petition to enforce a settlement arrived at between counsel for the parties in the above captioned action in ejectment.

Defendants admitted that they occupied a portion of plaintiffs' premises, but claimed the right to con-

tinue to occupy it on the basis of adverse possession on their part and laches on the part of plaintiffs.

The case came to trial in October 1955 when the parties agreed that defendants should pay plaintiffs $500 for the land on which they encroached and would permit plaintiffs a personal easement to cross defendants' property to reach another point on plaintiffs' property.

Plaintiffs' attorney prepared a deed to that effect but made the easement a permanent one, namely, to plaintiffs, their heirs and assigns. To this, both defendants and their counsel demurred and the case went on for trial at the April term of court. Meanwhile, there were several discussions concerning the duration of the easement to be granted plaintiffs.

On May 1, 1956, on the eve of the trial of the case, plaintiffs' and defendants' counsel arrived at a settlement, identical with the one arrived at in October 1955. This settlement was made by defendants' counsel pursuant to defendants' general instructions to him and acting as their agent. Defendants now deny this authorization but despite defendants' protestation that their counsel had not been given a continuing authority to settle on the prior terms, we accept as true the testimony of their former lawyer that the settlement was within his authority as agent and attorney. This bound them although they dissented when he reported to them after the settlement had been made.

After defendants' counsel had in good faith agreed to a settlement and as an officer of the court announced it in open court, resulting in the postponement of the case pending execution of the settlement, defendants refused to accept plaintiffs' deed pursuant thereto.

To repudiate a settlement announced in open court is a grievous breach of good faith and a barrier to the administration of justice. We inquire therefore into our powers to prevent the injustice caused by this re-

pudiation of defendants' authorized acceptance of plaintiffs' terms of settlement.

Defendants insist that since the settlement involves the granting of an easement in real property, they cannot, under the statute of frauds, be bound to grant such an easement because the authorization to their counsel was not in writing.

We note, however, that there is only one item in the settlement that depends upon the statute of frauds. First, there is to be a payment of $500 by defendants to plaintiffs in settlement of the ejectment action. That is not within the statute of frauds.

Next, there is to be a conveyance by plaintiffs to defendants of title for the land encroached upon. That would be within the statute, but since plaintiffs are willing to execute the deed, the question of the statute of frauds does not arise.

Upon the question of the proposed easement, the statute of frauds does not arise to the extent that the easement is a reservation out of plaintiffs' grant, for that would simply be a granting by plaintiffs of something less than complete title to the land encroached upon.

If, however, acceptance of the deed proposes to establish a covenant for an easement over land to which defendants presently hold title, then in our opinion, the statute of frauds applies and defendants' counsel, although he had oral authority to bind defendants, could not bind them in a covenant enforceable against defendants, if they choose to deny the authority.

Plaintiffs cite Hancock v. Melloy, 187 Pa. 371, as authority for compelling performance of an oral contract for sale of an interest in real property, connected with the compromise and settlement of a law suit, but in that case there was part performance and a change in the relations of the parties. While there may be some prejudice to plaintiffs in the delay of the suit,

this is not sufficient to enforce an oral authorization for the granting of an interest in their real property.

Unfortunately, we do not have sufficient information upon the record to draw a sufficiently definite decree, so we must grant a rehearing, if one is necessary, to determine the ground to be conveyed and the nature of the easement.

Now, December 31, 1956, the foregoing opinion is ordered filed and the matter is set down for rehearing for the sole purpose of determining the details of the settlement agreed upon in order that a decree may be drawn in enforcement of said settlement, to the extent that such settlement may be duly enforced.